IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL COX, | : | No. 3:15cv2013 |
|     **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC., | : | |
| LOCAL UNION 401, INTERNATIONAL | : | |
| BROTHERHOOD OF TEAMSTERS | : | |
|     **Defendants,** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Plaintiff Paul Cox (hereinafter "plaintiff") claims the defendants unlawfully terminated his employment in contravention of his union's Collective Bargaining Agreement (hereinafter "CBA") and Section 301 of the Labor Management Relations Act (hereinafter "LMRA"). Before the court for disposition is Defendant Local Union 401, International Brotherhood of Teamsters's (hereinafter "Union") motion to dismiss Count II—violation of the LMRA. For the reasons that follow, the court will deny the Union's motion.

**Background**

The instant employment action arises from plaintiff's employment with Defendant United Parcel Service, Inc. (hereinafter "UPS").[1]  Plaintiff worked as

---

[1] As a Union employee, the Collective Bargaining Agreement, National Master United Parcel Service Agreement and Central Pennsylvania Supplemental Agreement governed the terms of plaintiff's employment. (Compl. ¶ 17).

full-time night mechanic from approximately May 4, 2014, until June 18, 2015, when plaintiff resigned.  (Doc. 1, Compl. (hereinafter "Compl.") ¶ 5).  As a mechanic, plaintiff maintained and inspected UPS's equipment, including vehicles owned and rented by UPS.[2]  (Id. ¶ 6).  During plaintiff's employment, UPS placed inspection stickers on vehicles that were not roadworthy.  (Id. ¶ 8).  Plaintiff objected and insisted on compliance with safety standards and regulations.  (Id. ¶¶ 9-10, 16, 28, 32).

On June 18, 2015, shortly after plaintiff began his 6:00 p.m. shift, plaintiff's immediate supervisor requested plaintiff come to his office.  (Id. ¶ 11).  The supervisor asked if plaintiff wanted union representation at the meeting and plaintiff declined, signing a waiver of right to representation.[3]  (Id. ¶¶ 11, 19).  During this meeting, plaintiff's supervisor directed plaintiff to sign a resignation form or the supervisor would call the Pennsylvania State Police.  (Id. ¶ 12).  The supervisor also directed plaintiff to write "personal" as the reasons for his resignation.  (Id.)  Plaintiff signed the resignation form.  (Id.)

---

[2] Defendant obtained permission from the Pennsylvania Department of Transportation to inspect its own vehicles and issue inspection stickers. (Compl. ¶ 7).

[3] Plaintiff alleges that his supervisor knew that no stewards were available at the time of the meeting, which occurred after 6:00 p.m.  (Id. ¶ 11).

In response to his forced resignation, plaintiff filed a two-count complaint on October 16, 2015. Count I asserts a breach of contract claim pertaining to the CBA against UPS. Count II states a cause of action under the LMRA against the Union. The Union filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 7, 2016, seeking Count II's dismissal. (Doc. 18). The parties have briefed the issues, bringing the case to the present procedural posture.

**Jurisdiction**

As plaintiff brings suit pursuant to Section 301 of the LMRA, we have federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

The Union filed its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of

3

Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The Union moves to dismiss Count II, violation of the section 301 of the LMRA, arguing that plaintiff's allegations fail to state a claim upon which relief can be granted. Section 301 of the LMRA authorizes "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor

organizations . . . ." 29 U.S.C. § 185(a). Here, plaintiff asserts a hybrid claim under section 301 again both UPS and the union.

A "hybrid" section 301 action "is one in which a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair representation." Beidleman v. Stroh Brewery Co., 182 F. 3d 225, 236 (citing DelCostello v. Int'l Bhd. Of Teamsters, 462 151, 164-65 (1983)). To properly plead a claim against the union for breach of the duty of fair representation, the plaintiff must sufficiently aver that the union's conduct toward that member was "'arbitrary, discriminatory, or in bad faith.'" Masy v. N.J. Transit Rail Operations, Inc., 790 F.2d 322, 328 (3d Cir. 1986) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). In the instant matter, plaintiff claims the union's failure to pursue a grievance after his coerced resignation was arbitrary and in violation of the union's duty of fair representation.

With respect to an alleged grievance against an employer, "'a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion.'" Riley v. Letter Carriers Local No. 380, 668 F.2d 224, 228 (3d Cir. 1981) (quoting Vaca, 386 U.S. at 191, 87 S. Ct. 903). Moreover, "[a] union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation." Marquez v. Screen Actors Guild, Inc., 525 U.S.

5

33, 46 (1998) (citing Air Line Pilots v. O'Neill, 499 U.S. 65, 78-81 (1991)). The plaintiff must demonstrate more than "mere ineptitude or negligence" on the part of the union, and "the fact that trained counsel would have avoided the error or pursued a different strategy is not enough." Riley, 668 F.2d at 228 (quotation marks and citations omitted). Furthermore, a union's foremost duty to advocate on behalf of its members is tempered by "an obligation . . . to act fairly under the collective bargaining agreement and not to assert or press grievances which it believes in good faith do not warrant such action." Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970).

In the instant matter, plaintiff resigned from UPS on June 18, 2015. (Compl. ¶ 11). Plaintiff claims UPS forced him to resign because he insisted on strict compliance with safety regulations, which antagonized his supervisors and management. (Id. ¶¶ 9, 12, 16). Furthermore, UPS held his termination meeting at a time when UPS knew no union stewards were present to attend the meeting with plaintiff. (Id. ¶¶ 11-12).

Moreover, the union "rubber stamped" UPS's decision to terminate plaintiff's employment. (Id. ¶ 33). Specifically, the union, acquiescing with the wishes of UPS management, failed to pursue a grievance against UPS. (Id. ¶ 31). Rather, the union merely facilitated an unproductive meeting with a senior

UPS employee.  (Id.)  In short, the union failed to take aggressive action to prevent plaintiff's termination in contravention of section 301 of the LMRA.

At this stage in the litigation, the court will allow this claim against the union to proceed.  Discovery will produce a record that, when viewed in its entirety, may demonstrate whether the union used the tools at its disposal to conduct a good-faith investigation into plaintiff's termination thereby supporting the union's decision not to file a grievance or whether the union's investigation was perfunctory or a sham.  Thus, the court will deny the union's motion to dismiss this claim.

**Conclusion**

For the above-stated reasons, the court will deny the union's motion to dismiss plaintiff's LMRA claim.  An appropriate order follows.


**Date**:   **08/18/2016**                              **s/ James M. Munley**
                                                        **JUDGE JAMES M. MUNLEY**
                                                        **United States District Court**